*Kennedy, Wronko, Kennedy*
150 River Road
Building K, Suite 4
Montville, New Jersey 07045
(973) 334-1355: Telephone
(973) 334-9063: Facsimile
*Attorney for Third-Party Defendant, Village at Linwood Condominium Association, Inc.*

| | |
|---|---|
| Dianne Nehmad,<br><br>  Plaintiff,<br><br>Anthony Milano,<br><br>  Defendant.<br><br>Anthony Milano,<br><br>  Defendant/Third-Party Plaintiff<br><br>v.<br><br>The Village at Linwood Condominium Association, Inc.,<br><br>  Third-Party Defendant. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY: LAW DIVISION<br><br>Docket Number: ATL-L-4013-09<br><br>CIVIL ACTION<br><br>**ANSWER TO THIRD-PARTY COMPLAINT AND COUNTERCLAIM OF VILLAGE AT LINWOOD CONDOMINIUM ASSOCIATION, INC.** |

Third-Party Defendant, Village at Linwood Condominium Association, Inc. (hereinafter referred to as "Third-Party Defendant"), by way of Answer to Defendant/Third-Party Plaintiff, Anthony Milano's, Third-Party Complaint says:

## COUNT ONE

1) Defendant admits the allegations set forth in Paragraph One of Count One of the Third-Party Complaint.

2) Defendant admits the allegations set forth in Paragraph Two of Count One of the Third-Party Complaint.

3) Defendant denies the allegations set forth in Paragraph Three of Count One of the Third-Party Complaint.

4) Defendant denies the allegations set forth in Paragraph Four of Count One of the Third-Party Complaint.

5) Defendant denies the allegations set forth in Paragraph Five of Count One of the Third-Party Complaint.

WHEREFORE, the Third-Party Defendant demands judgment dismissing Defendants/ Third-Party Plaintiff's Third-Party Complaint with Prejudice, the award of costs, attorneys fees, interest thereon and such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred by the provisions of New Jersey's Comparative Negligence Law, *N.J.S.A.* 2A:15-5.2.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by Third-Party Plaintiff were caused by the sole negligence of a third-party over whom the answering Third-Party Defendant exercised no authority or control.

## FIFTH AFFIRMATIVE DEFENSE

All actions taken by Third-Party Defendant were in no way negligent.

## SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is barred from any recovery by reason of his unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is barred from recovery of any damages by reason of their failure to reasonably mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is barred from any recovery by reason of his own negligence.

## NINTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of Third-Party Defendant, was not the proximate cause of any damages or injuries which may have been sustained by the Third-Party Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff was aware of the facts, circumstances and conditions existing at the time and place set forth in the Third-Party Complaint and voluntarily assumed all risk present and arising therefrom.

## ELEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff has failed to join in this action all necessary and proper parties as required by *N.J.S.A.* 2A:16-56 and *N.J.S.A.* 2A:16-61, and the above action should therefore be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff has failed to join a party or parties without whom the action cannot proceed, as provided by *R.* 4:28-1.

### THIRTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant is entitled to any set-offs or deductions from any damages awarded under the doctrine of Collateral Source, both under common law and by statute.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Third-Party Defendant Association is protected by the business judgment rule as all of its acts were authorized and taken in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Third-Party Defendant Association is protected by the New Jersey Non-Profit Corporation Act, *N.J.S.A.* 2A:15-1 *et. seq.*

### SIXTEENTH AFFIRMATIVE DEFENSE

The Third-Party Defendant Association is protected by the Waiver of Subrogation Clause in its Master Deed and/or By-Laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is estopped from asserting allegations against the Third-Party Defendant that the Association should have prevented Third-Party Plaintiff from harming Plaintiff and any other parties as such action was solely within his control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's Complaint must be dismissed in accordance with *R.* 1:4-8 and *N.J.S.A.* 2A:15-59.1

### COUNTERCLAIM

### FIRST COUNT

1) Third-Party Plaintiff has alleged that Plaintiff, Dianne Nehmad, in a Complaint against

4

Third-Party Plaintiff has alleged that Defendant/Third-Party Plaintiff, Anthony Milano, viciously attacked and injured the Plaintiff without any justification.

2) Third-Party Plaintiff alleges in his Third-Party Complaint that Third-Party Defendant, Village at Linwood Condominium Association, Inc., negligently failed to take appropriate action to prevent Third-Party Plaintiff from physically attacking Plaintiff and other parties.

3) If the allegations raised by Plaintiff in her main Complaint are true, Third-Party Plaintiff of his own accord committed violent acts against the Plaintiff and other parties and cannot seek to impose liability upon others including the Third-Party Defendant for his intentional actions.

4) Third-Party Plaintiff should therefore be estopped under the Doctrine of Equitable Estoppel and/or the Doctrine of Unclean Hands from alleging that Third-Party Defendant took no actions to prevent the Defendant/Third-Party Plaintiff from acting on his own to harm Plaintiff and alleging the Third-Party Defendant failed to stop Third-Party Plaintiff from his own actions.

5) The actions of the Third-Party Plaintiff are solely his own responsibility and there is no cause of action which permits him to seek relief against the Third-Party Defendant.

WHEREFORE, the Third-Party Defendant demands judgment dismissing Third-Party Plaintiff's Complaint with prejudice, counsel fees and costs.

### JURY DEMAND

PLEASE TAKE NOTICE that the Third-Party Defendant hereby demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Third-Party Defendant hereby designates E. Richard Kennedy, Esq. as trial counsel.

## DEMAND FOR PRODUCTION OF STATEMENTS

**DEMAND IS HEREBY MADE** that you provide the attorney filing this pleading with true and complete copies of any statements made by the clients of this attorney pursuant to *R.* 4:10-2(c). This demand is deemed to be continuing.

## DEMAND FOR INTERROGATORIES

In accordance with *R.* 4:17-4(c), demand is hereby made that you serve upon the undersigned copies of all interrogatories propounded by you to any party and answered. This demand is deemed to be continuing.

## DEMAND FOR ANSWERS TO FORM C AND C-2 INTERROGATORIES

Third-Party Defendant hereby demands that Co-Defendants provide answers to uniform interrogatories as set forth in Form C and Form C2 of the Rules Governing the Courts of the State of New Jersey.

## NOTICE TO PRODUCE DOCUMENTS

Please take notice that, pursuant to *R.* 4:18-1, request is hereby made of the Plaintiff and/or Co-Defendant(s), by this Third-Party Defendant, that you produce true, complete and accurate copies of the following documents to this office, within thirty (30) days of the date hereof.

1) A copy of the insurance declaration sheet in effect at the time of the within matter.

2) Copies of any and all photographs which you may have regarding the within matter.

3) Copies of any and all expert reports.

6

4) A copy of the police report and/or municipal court and/or County, State or Federal reports regarding this incident.

5) Copies of any and all witness statements which you may have regarding the within matter.

6) Copies of any and all prior discovery, including pleadings; motions; Orders; answers to interrogatories; deposition transcripts; demand for documents; request for admissions; and response thereto exchanged between parties in this action, with attachments and/or amendments.

7) Copies of any and all contracts regarding the within matter.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, the Third-Party Defendant hereby demands that Third-Party Plaintiff serve upon them within five (5) days of the date hereof a written statement of the damages claimed.

## CERTIFICATION PURSUANT TO R. 4:5-1

Third-Party Defendant, Village at Linwood Condominium Association, Inc., hereby certifies, by and through their counsel, that based upon its knowledge and the information available to them at this time, that this matter in controversy is not the subject of any other action, nor of any party arbitration proceeding in New Jersey.

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served within the time period allowed by R. 4:6, as extended, by mailing a copy first class to were served on all counsel of record on this date.

*Kennedy, Wronko, Kennedy*
*Attorney for Third-Party Defendant, Village at Linwood Condominium Association, Inc.*

By: _____
E. Richard Kennedy, Esq.

Dated: January 21, 2010

8

<u>Appendix XII-B1</u>

| | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1 Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed. | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
|  | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| E. Richard Kennedy, Esq. | (973) 334-1355 | Atlantic |
| FIRM NAME (If applicable) | | DOCKET NUMBER (When available) |
| Kennedy, Wronko, Kennedy | | ATL-L-3365-09 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 150 River Road<br>Building K, Suite 4<br>Montville, New Jersey 07045 | | Answer & Counterclaim |
| | | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Village at Linwood Condominium Association, Inc., Third-Party Defendant | Dianne Nehmad v. Anthony Milano v. Village at Linwood Condominium Association, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 602 / 605 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |  |
|---|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN | |
| | Community Association Underwriters of America | ☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES ☒NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO | | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐YES ☒NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Revised Effective 9/2009, CN 10517

| SIDE 2  | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial pleadings (not motions) under *Rule* 4:5-1 |
|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999  OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

**Track III — 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES
- 620  FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  Zelnorm
- 285  Stryker Trident Hip Implants

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold       ☐ Putative Class Action       ☐ Title 59

Revised Effective 9/2009, CN 10517

Paul W. Sonstein, Esquire
Zucker Steinberg
   Sonstein & Wixted, PA
415 Federal Street
Camden, NJ 08103
(856) 365-0080
Attorney for Defendant,
3rd party Plaintiff, Anthony Milano

| | |
|---|---|
| DIANNE NEHMAD, | : SUPERIOR COURT OF NEW JERSEY |
| | : ATLANTIC COUNTY |
| Plaintiff(s), | : LAW DIVISION |
| | : |
| vs. | : DOCKET NO.: ATL-L-4013-09 |
| | : |
| ANTHONY MILANO, | : CIVIL ACTION |
| | : |
| Defendant. | : |
| | : |
| ANTHONY MILANO, | : |
| | : |
| Defendant/Third-Party Plaintiff | : |
| | : |
| vs. | : |
| | : |
| THE VILLAGE AT LINWOOD | : |
| CONDOMINIUM | : **DEFENDANT/THIRD-PARTY PLAINTIFF,** |
| | :**ANTHONY MILANO'S ANSWER TO** |
| Third-Party Defendant | :**COUNTERCLAIM** |

Defendant, Anthony Milano, presently residing at the Anne Klein Forensic Center, Stuyvesant Avenue, West Trenton, New Jersey 08628, by way of Answer to Defendant, Village at Linwood Condominium Association's Counterclaim, says:

### FIRST COUNT

1.    Admitted.

2.    Admitted.

3. These are legal conclusions; however, Third-Party Plaintiff neither admits nor denies the allegation of this paragraph and leaves third-party defendant to its proofs.

4. These are legal conclusions; however, Third-Party Plaintiff neither admits nor denies the allegation of this paragraph and leaves third-party defendant to its proofs

5. These are legal conclusions; however, Third-Party Plaintiff neither admits nor denies the allegation of this paragraph and leaves third-party defendant to its proofs.

WHEREFORE, the third-party Plaintiff, Defendant on the third-party counterclaim, Anthony Milano, demands judgment dismissing this Count of plaintiff's Complaint, with prejudice; and awarding costs and counsel fees in favor of the answering defendant and against the plaintiff, and for such other relief as the Court deems equitable and just.

### FIRST AFFIRMATIVE DEFENSE

The answering defendant, third party plaintiff, defendant on the counterclaim, was neither negligent nor acted tortiously in any way whatsoever.

### SECOND AFFIRMATIVE DEFENSE

The answering defendant, third-party plaintiff, defendant on the counterclaim hereby reserves the right to move to amend its Answer to include any defenses which may become available through discovery.

## FIRST SEPARATE DEFENSE

At the time of any acts or actions alleged in plaintiff's complaint and third-party defendant's counterclaim, defendant, third-party plaintiff, was suffering from a mental defect or disease which rendered him incapable of performing any intentional act(s) as set forth in plaintiff's complaint.

## SECOND SEPARATE DEFENSE

At the time of any acts or actions alleged in plaintiff's complaint and third-party defendant's counterclaim, third-party plaintiff was suffering from a mental defect or disease which rendered him incapable of performing any negligent act(s) as set forth in plaintiff's complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Paul W. Sonstein, Esquire, is hereby designated as trial counsel in the within action.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all issues herein.

## CERTIFICATION

3

The undersigned, attorney for answering third-party defendant, hereby certifies that the within Answer was served and filed within the time period set forth in R.4:6-1 and that copies of the within Answer have been served upon all parties as provided for by R.1:5.

Pursuant to R.4:5-1, it is hereby certified that to the best of my knowledge, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other parties who should be joined.

ZUCKER STEINBERG
SONSTEIN & WIXTED, PA

BY: _____
Paul W. Sonstein, Esq.
Attorneys for Defendant/Third-Party Plaintiff,
Anthony Milano

DATED: 2/11/10